**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

| | |
|---|---|
| JOHN T. ALEXANDER, | |
| Petitioner, | CIVIL ACTION NO.: 5:15-cv-72 |
| v. | |
| WARDEN HILTON HALL; and SAMUEL S.OLENS, | |
| Respondents. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant John T. Alexander ("Alexander"), who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Camden County, Georgia, Superior Court. (Doc. 1.) Homer Bryson, former Commissioner of the Georgia Department of Corrections, filed a Motion to Intervene as Party Respondent, (doc. 12), and Respondent Samuel S. Olens filed a Motion to Dismiss as Party Respondent, (docs. 13). In addition, Respondent Bryson filed an Answer-Response and a Motion to Dismiss, (docs. 10, 11). Alexander filed a Response to Respondents' Motion to Dismiss. (Doc. 18.) For the reasons which follow, the Court **GRANTS** former Commissioner Bryson's Motion to Intervene as Party Respondent.[1] (Doc. 12.) I **RECOMMEND** that the Court **GRANT** Respondent Samuel S. Olens' Motion to Dismiss as a Party Respondent, (doc. 13), **GRANT** Respondent's Motion to Dismiss, (doc. 11),

---

[1] The Clerk of Court is **AUTHORIZED** and **DIRECTED** to change the name of the Respondent to Gregory C. Dozier, the current Commissioner of the Georgia Department of Corrections, upon the docket and record of this case.

**DISMISS** Alexander's Petitioner, and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Alexander a Certificate of Appealability and **DENY** *in forma pauperis* status on appeal.

## BACKGROUND

Alexander was convicted on August 27, 2008, after entering a guilty plea, in the Camden County, Georgia, Superior Court of two counts of child molestation. (Doc. 14-2, pp. 1–2.) Pursuant to Alexander's negotiated plea agreement, he received a split sentence of twenty (20) years, with ten (10) years to be served in prison, followed by ten (10) years' probation. (Id.) Alexander did not file a direct appeal.

Alexander filed a state habeas corpus petition in the Coffee County, Georgia, Superior Court on September 17, 2012. (Doc. 14-1.) Alexander asserted that his guilty plea was not entered into knowingly and voluntarily, that he was denied effective assistance of counsel, and that the trial court violated his due process rights. (Id. at 4.) Following an evidentiary hearing on November 13, 2013, the state habeas court denied relief on September 22, 2014. (Doc. 14-2.) The Georgia Supreme Court denied Alexander's application for a certificate of probable cause to appeal the state habeas court's denial of relief on March 30, 2015. (Doc. 14-4.)

## DISCUSSION

Alexander filed this federal petition for writ of habeas corpus on September 9, 2015. (Doc. 1.) Alexander challenges his Camden County convictions on two grounds. First, Alexander alleges ineffective assistance of counsel, citing his attorney's failure to interview witnesses and failure to advise Alexander of his right to appeal his conviction. (Id. at p. 7.) Second, Alexander alleges that his guilty plea was not knowing or voluntary. (Id.) Respondent avers Alexander's petition was untimely filed and should, therefore, be dismissed. (Doc. 11.)

## I. Motion to Intervene, (doc. 12), and Motion to Dismiss as a Party Respondent, (doc. 13)

Plaintiff named Hilton Hall, Warden of Coffee Correctional Facility, and Samuel S. Olens, Attorney General of the State of Georgia, as Respondents in this action. Homer Bryson, former Commissioner of the Georgia Department of Corrections, filed a motion with the Court to intervene in the present matter, (doc. 12), and Respondent Samuel S. Olens filed a Motion to Dismiss as a party Respondent, (doc. 13). The only proper respondent in this Section 2254 action is the state officer having custody of the petitioner. See Rule 2(a) of the Rules Governing Section 2254 Cases. Because the Commissioner of the Department of Corrections is the state entity in charge of Georgia's penal institutions, including Coffee Correctional Facility, a privately-run contract facility, Warden Hilton Hall and Samuel S. Olens are not proper respondents in this case and should be dismissed. See O.C.G.A. § 42–2–6; Clemons v. Owens, No. CV 114-129, 2015 WL 858390, at *2 (S.D. Ga. Feb. 27, 2015).

Therefore, after careful consideration and for good cause shown, the Court **GRANTS** former Commissioner Homer Bryson's Motion to Intervene. (Doc. 12.) Because Gregory C. Dozier is the current Commissioner of the Georgia Department of Corrections, the Clerk of Court is **AUTHORIZED** and **DIRECTED** to change the name of the Respondent to Gregory C. Dozier, Commissioner of the Georgia Department of Corrections, upon the docket and record of this case. Consequently, I **RECOMMEND** that the Court **GRANT** Respondent Olens' Motion to Dismiss as a Party Respondent, (doc. 13), and **DISMISS** Warden Hilton Hall and Samuel S. Olens as Respondents.

## II. Whether Alexander's Petition was Timely Filed

Respondent raised the issue of the timeliness of Alexander's petition in his Motion to Dismiss. (Doc. 11.) To determine whether Alexander's Petition was filed in a timely manner,

the Court must look to the applicable statute of limitations periods. A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Alexander's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Alexander was convicted in the Camden County Superior Court on August 27, 2008. Alexander had a period of thirty (30) days to file a notice of appeal. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Alexander did not file an appeal, and, accordingly, his conviction became final on September 26, 2008. Because Alexander's conviction became final on September 26, 2008, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending." 28 U.S.C. §2244(d)(2) (emphasis supplied); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance– i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

As noted above, Alexander's conviction became final on September 26, 2008. He had one year from that date to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Alexander filed his state habeas corpus petition on September 17, 2012, which was nearly four years after his conviction became final. (Doc. 14-1.) By that time, the statute of limitations period applicable to Section 2254 petitions had expired, and the filing of his state habeas corpus petition did not toll or revive the federal statute of limitations. Therefore, Alexander's 28 U.S.C. § 2254 petition was not timely filed.

Having determined that statutory tolling is not available to Alexander, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his

Section 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (June 14, 2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Alexander arguably avers that he is entitled to equitable tolling of the statute of limitations. Alexander contends that both his ignorance of the statute of limitations period applicable to Section 2254 petitions and his mental illness prevented him from diligently pursuing this habeas petition. (Doc. 18, p. 1.) While the Court accepts Alexander's contention that he was unaware of the applicable statute of limitations for filing a Section 2254 petition and that he suffers from depression and anxiety, "a lack of a legal education and related confusion or ignorance about the law [are not] excuses for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Furthermore, a contention of mental incompetence, "without more, is insufficient to justify equitable tolling." Lawrence, 421 at 1227 (citing Bilbrey v. Douglas, 124 F. App'x 971, 973 (6th Cir. 2005) (finding that equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition")).

Accordingly, because Alexander's ignorance of the law and his mental illness cannot excuse his untimely filing, he is not entitled to equitable tolling. Consequently, Alexander's Section 2254 Petition was filed untimely and is subject to dismissal.

## III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Alexander leave to appeal *in forma pauperis* and deny him a Certificate of Appealability ("COA"). Though Alexander has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a

7

constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Alexander's Petition and Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Alexander *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** former Commissioner Bryson's Motion to Intervene as Party Respondent. (Doc. 12). I **RECOMMEND** that the Court **GRANT** Respondent Samuel S. Olens' Motion to Dismiss as a Party Respondent, (doc. 13), **GRANT** Respondent's Motion to Dismiss, (doc. 11), **DISMISS** Alexander's Petitioner, and **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Alexander a Certificate of Appealability and **DENY** *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Alexander and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of March, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA